UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON KINSFATHER,

      Plaintiff,

 v.

PIERCE COUNTY et al.,

      Defendants.

No. 09-5129RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:
December 11, 2009**

  This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

  On August 19, 2009, this court entered an order that the United States Marshal's Service attempt to serve the only remaining defendant, Steven Thomas Morales, by mail at an updated address provided by plaintiff (Dkt # 27). This was the second attempt to serve this defendant.

  On September 16, 2009, the service was returned unexecuted with a notation that the defendant does not live at that address (Dkt. # 30). It has been over 250 days since this action was commenced on March 10, 2009 and the defendant has not been served.

REPORT AND RECOMMENDATION- 1

## FACTS

Plaintiff alleges defendant Morales assaulted him during the booking process into the Pierce County Jail. Defendant Morales worked at the Jail at the time of the alleged assault (Dkt. # 4).

## DISCUSSION

*Failure to serve*.

Federal Rule of Civil Procedure 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion, which indicates that the Court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

REPORT AND RECOMMENDATION- 2

There is nothing in the record to indicate defendant Morales is aware of this action. It appears he no longer works for the jail and has moved. Accordingly, the court recommends that this action be DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

This court recommends that the action be DISMISSED WITHOUT PREJUDICE for failure to serve a defendant. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 11, 2009,** as noted in the caption.

DATED this 10th day of November, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3